United States District Court
Southern District of Texas
**ENTERED**
September 23, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GORGUI CISS, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:25-3670 |
| § | |
| U.S. DEP'T OF HOMELAND SECURITY, § | |
| § | |
| Respondent. § | |

### ORDER OF DISMISSAL

Petitioner Gorgui Ciss, an immigrant detainee, through counsel, filed a petition that appeared to seek habeas relief under 28 U.S.C. § 2241 (Dkt. 1). Ciss also filed an emergency motion for a temporary restraining order (Dkt. 2). On August 12, 2025, the Court ordered Ciss to show cause why this case should not be dismissed for lack of jurisdiction (Dkt. 4).[1] The order warned that if Ciss failed to respond, or filed a response that did not plead a basis for jurisdiction, this action would be dismissed.

On September 11, 2025, Ciss filed a response (Dkt. 5) that does not directly address the jurisdictional issue. Additionally, the Department of Homeland Security's online records reflect that Ciss is no longer in custody. See Online Detainee Locator System, U.S.

---

[1] As stated in the Court's previous order, a habeas petition under 28 U.S.C. § 2241 is not available to challenge an order of removal. 8 U.S.C. § 1252(a)(5). Additionally, public online records reflected that Ciss was detained in Arizona, outside of this judicial district, one day after initiating this action. *See* 28 U.S.C. § 2241(d).

Immigration and Customs Enforcement, available at locator.ice.gov (last visited Sept. 19, 2025).

Ciss' past detention was the basis for his habeas petition (Dkt. 1, at 6). Because he is no longer 'in custody" for purposes of 28 U.S.C. § 2241(c), habeas relief is unavailable and his petition is moot. *See Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013) (when intervening circumstances "render the court no longer capable of providing meaningful relief to the plaintiff," mootness applies); *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990) (the mootness doctrine "requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process"). This Court lacks subject matter jurisdiction and dismissal is required. *See Ctr. for Biological Diversity*, 704 F.3d at 424; FED. R. CIV. P. 12(h)(3).

For the reasons stated above, this habeas action is **DISMISSED as moot**. All pending motions are **DENIED as moot**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on     September 23                  , 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE